UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

David Remus
and other similarly situated individuals,

    Plaintiff(s),

v.

Joyful Heart Adult Day Center LLC,
Rene Torrez and Carol Torrez, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff David Remus and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Joyful Heart Adult Day Center LLC, Rene Torrez, and Carol Torrez, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff David Remus is a resident of Dade County, Florida. He worked in Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Joyful Heart Adult Day Center LLC (hereinafter Joyful Heart Adult Day Center, or Defendant) is a Florida corporation having its place of business in Broward County. Defendant was engaged in interstate commerce.

4. The individual Defendants, Rene Torrez and Carol Torrez were and are now the owners/partners/officers and managers of Defendant Corporation Joyful Heart Adult Day Center. Defendants Rene Torrez and Carol Torrez were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. Individual Defendants Rene Torrez and Carol Torrez are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## General Allegations

6. This cause of action is brought by Plaintiff David Remus, and other similarly situated employees to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant Joyful Heart Adult Day Center is an adult day care center for seniors and persons with disabilities. Defendant provides patients' transportation services from their homes to the center at 12201 Pembroke Road, Pembroke Pines, Florida 33025.

8. Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez employed Plaintiff David Remus as a full-time, non-exempted, hourly employee from approximately December 15, 2021, to January 25, 2023, or 58 weeks.

9. Plaintiff was hired as a driver. Plaintiff drove a Ford Transit 11-passenger van, and his duties consisted of driving patients to and from the adult day care center Joyful Heart Adult Day Center.

10. Plaintiff was paid at the wage rate of $16.25 an hour per day, or $650.00.00 weekly.

11. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, from 6:00 AM to 6:30 PM or later (12.5 hours daily) or a minimum average of 62.5 hours weekly.

12. Plaintiff began his daily work at 6:00 AM. First, Plaintiff picked up patients and transported them to the daycare. At 11:30 AM, Plaintiff finished dropping off the patients at the daycare center, and then he had to wait until 1:30 PM to drive the patients back home.

13. Defendant required Plaintiff to stay close to the daycare center and wait for 2 hours (between 11:30 and 1:30). The Plaintiff was unable to use the time effectively for his own purposes because he had time constraints, and additionally, he was in possession and remained in the custody of the company's passengers van.

14. Consequently, Plaintiff was engaged to wait for 2 hours daily. Waiting was an essential part of his job. Every week Plaintiff had a waiting time period of 10 hours that constituted compensable working hours.

15. These ten waiting time hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

16. Thus, every week Plaintiff worked a minimum average of 62.5 hours. Plaintiff was paid for only 40 regular hours. He was not paid for waiting time hours or overtime hours.

17. Plaintiff was paid $650.00 weekly regardless of the number of hours worked during the week. The remaining hours (over 40) were not paid at any rate, not even at the minimum wage as required by law.

18. Plaintiff worked in excess of 40 hours per week, but he was not properly compensated for overtime hours.

19. Plaintiff did not clock in and out, but Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff.

20. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid bi-weekly with paystubs that did not disclose the actual number of hours worked.

22. Plaintiff disagreed with the lack of payment for overtime hours and complained numerous times to the owner of the business RENE TORREZ, about working too many hours without compensation for overtime hours.

23. On or about January 17, 2023, Plaintiff complained for the last time about the same issue. Plaintiff asked RENE TORREZ that if he was not going to pay overtime, at least pay him for all hours worked at his regular rate.

24. As a result, on or about January 19, 2023, RENE TORREZ informed Plaintiff that he was fired. Plaintiff worked until January 25, 2023.

25. Plaintiff is not in possession of time and payment record, but he will provide an estimate about his unpaid overtime hours

26. Plaintiff David Remus seeks to recover unpaid overtime hours per week, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour at the rate of time and one-half their regular rate.

29. This action is intended to include every driver and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff David Remus re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Plaintiff David Remus brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendant Joyful Heart Adult Day Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides care to the aged and handicapped, including patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and

solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

33. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through his daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

34. Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez employed Plaintiff David Remus as a non-exempted, full-time hourly employee from approximately December 15, 2021, to January 25, 2023, or 58 weeks.

35. Plaintiff was hired as a driver, and his duties consisted of driving patients to and from the adult daycare center Joyful Heart Adult Day Center.

36. Plaintiff was paid at the wage rate of $16.25 an hour per day, or $650.00.00 weekly.

37. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, from 6:00 AM to 6:30 PM or later (12.5 hours daily) or a minimum average of 62.5 hours weekly.

38. Plaintiff began his daily work at 6:00 AM. First, Plaintiff picked up patients and transported them to the daycare. At 11:30 AM, Plaintiff finished dropping off the patients at the daycare center, and then he had to wait until 1:30 PM to drive the patients back home.

39. Defendant required Plaintiff to stay close to the daycare center and wait for 2 hours (between 11:30 and 1:30). The Plaintiff was unable to use the time effectively for his own

purposes because he had time constraints, and additionally, he was in possession and remained in the custody of the company's 11-passengers van.

40. Consequently, Plaintiff was engaged to wait for 2 hours daily. Waiting was an essential part of his job. Every week Plaintiff had a waiting time period of 10 hours that constituted compensable working hours.

41. These ten waiting time hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

42. Thus, every week Plaintiff worked a minimum average of 62.5 hours. Plaintiff was paid for only 40 regular hours or $650.00 weekly. He was not paid for waiting time hours or overtime hours.

43. Plaintiff worked in excess of 40 hours per week, but he was not properly compensated for overtime hours.

44. Plaintiff did not clock in and out, but Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff.

45. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

46. Plaintiff was paid bi-weekly with paystubs that did not disclose the actual number of hours worked.

47. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not

maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

48. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of unpaid O/T wages</u>:

    Thirty-One Thousand Eight Hundred Fifteen Dollars and 45/100 ($31,815.90)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  58 weeks
    Relevant weeks of employment:  58 weeks
    Total number of hours worked: 62.5 hours weekly
    Total number of O/T hours: 22.5 O/T hours
    Wage rate: $16.25 an hour x 1.5=$24.38 O/T rate
    O/T rate: $24.38

    $24.38 x 22.5 O/T hours=$548.55 weekly x 58 weeks=$31,815.90

    <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

51. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

52. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

53. At times mentioned, individual Defendants Rene Torrez and Carol Torrez were the owners/partners, and they directed Joyful Heart Adult Day Center's operations. Defendants were the employers of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Joyful Heart Adult Day Center concerning its employees, including Plaintiff and others similarly situated. Defendants Rene Torrez and Carol Torrez had financial and operational control of the business and provided Plaintiff with his work schedule. Accordingly, they are jointly and severally liable for Plaintiff's damages.

54. Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United

    States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

55. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff David Remus and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiff and other similarly situated and against the Defendants Joyful Heart Adult Day Center, Rene Torrez and Carol Torrez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff David Remus and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

56. Plaintiff David Remus re-adopts every factual allegation stated in paragraphs 1-29 of this complaint as if set out in full herein.

57. Defendant Joyful Heart Adult Day Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides care to the aged and handicapped, including patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

58. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through his daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

59. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

60. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

61. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

62. Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez employed Plaintiff David Remus as a non-exempted, full-time hourly employee from approximately December 15, 2021, to January 25, 2023, or 58 weeks.

63. Plaintiff was hired as a driver, and his duties consisted of driving patients to and from the adult daycare center Joyful Heart Adult Day Center.

64. Plaintiff was paid at the wage rate of $16.25 an hour per day, or $650.00.00 weekly.

65. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, from 6:00 AM to 6:30 PM or later (12.5 hours daily) or a minimum average of 62.5 hours weekly.

66. Plaintiff worked a minimum average of 62.5 hours, but he was paid for only 40 regular hours or $650.00 weekly.

67. Plaintiff worked in excess of 40 hours per week, but he was not properly compensated for overtime hours.

68. Plaintiff did not clock in and out, but Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff.

69. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).
70. Plaintiff was paid bi-weekly with paystubs that did not disclose the actual number of hours worked.
71. Plaintiff disagreed with the lack of payment for overtime hours and complained numerous times to the owner of the business RENE TORREZ, about working too many hours without compensation for overtime hours.
72. These complaints constituted protected activity under 29 U.S.C. 215(a) (3).
73. On or about January 17, 2023, Plaintiff complained for the last time about the same issue. Plaintiff asked RENE TORREZ that if he was not going to pay overtime, at least pay him for all hours worked at his regular rate.
74. This complaint constituted protected activity under 29 U.S.C. 215(a) (3).
75. However, as a result of Plaintiff's complaint, on or about January 19, 2023, RENE TORREZ informed Plaintiff that he was fired. Plaintiff worked until January 25, 2023.
76. At all times during his employment, Plaintiff performed his work satisfactorily. Consequently, there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.
77. The termination of Plaintiff David Remus by Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because he complained about missing payment for overtime hours, in violation of the FLSA.
78. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

79. Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez willfully and maliciously retaliated against Plaintiff David Remus by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

80. The motivating factor which caused Plaintiff David Remus to be fired from the business, as described above, was his complaints seeking overtime wages from Defendants. In other words, Plaintiff would not have been fired, but for his complaints about overtime wages.

81. Defendants' adverse actions against Plaintiff David Remus were in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

82. Plaintiff David Remus has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees and costs.

## Prayer For Relief

Wherefore, Plaintiff David Remus respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff David Remus by Defendants Joyful Heart Adult Day Center, Rene Torrez and Carol Torrez, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Joyful Heart Adult Day Center, Rene Torrez, and Carol Torrez, awarding Plaintiff David Remus liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff David Remus demands trial by a jury of all issues triable as of right by a jury.

Date:  January 28, 2023

                                                Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*